## Chicago & Alton R. R. Co. v. The City of Joliet.

1. RAILROADS—*Liability Under the Act of 1874—Crossings.*—A railroad company is not liable under the act in relation to the fencing and operating railroads (R. S. 1874, 809), from injuries resulting from accidents not occurring upon an approach to the crossing of a public street nor within the right of way of such railroad.

Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1901. Reversed, with a finding of facts. Opinion filed July 12, 1901.

In this action appellee sued to recover from appellant the amount of a judgment recovered against appellee by one Jennie Calvin, which judgment appellee had paid in full. The declaration of appellee contains six counts, in each of which is set forth that on August 19, 1895, being the time at which the accident happened out of which the judgment obtained by Jennie Calvin against appellee arose, appellant was possessed of, using and operating a railroad through the city of Joliet over and across a certain public street known as Van Buren street; and that it was at said time the duty of appellant to construct and maintain a crossing and approaches thereto within its said right of way where its railroad crossed Van Buren street so that at all times such crossing and the approaches thereto should be safe as to persons and property; yet said appellant, regardless of its duty in this behalf, on the 19th of August, 1895, and for a long time prior thereto, negligently suffered and permitted the approach to said crossing within the said right of way to the eastward of its tracks to be in bad and unsafe repair and condition, and divers of the planks wherewith the said approach within the limits aforesaid was constructed to be and remain loose and unfastened; by means whereof Jennie Calvin, who was then and there passing along and upon said approach, within the limits aforesaid, in the exercise of ordinary care for her own safety, then and there tripped and stumbled against one of said planks with which the east approach to said crossing, and within the

right of way of said appellant, was constructed, and thereby was thrown and fell to and upon said approach and ground, and thereby sustained severe and permanent injuries. The fifth count of said declaration sets out in full the declaration filed by the said Jennie Calvin in her suit against appellee; and the sixth count sets out a section of an ordinance of appellee.

To which declaration appellant filed a plea of the general issue. A trial was had, with the result of a verdict of $2,335.14 against appellant, being the amount paid out by appellee to satisfy the judgment rendered in the suit of Jennie Calvin against appellee. From a judgment rendered upon the verdict in this action this appeal is prosecuted.

GEORGE S. HOUSE, attorney for appellant.

R. J. BARR, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The act of the General Assembly incorporating the Alton & Sangamon Railroad, the predecessor of appellant, provides that whenever it shall be necessary in the construction of said railroad to cross any road or highway, it shall be lawful to do so, provided the corporation shall restore the road or highway thus intersected to its former state, or in a sufficient manner not to have impaired its usefulness. In the absence of such or any express provision in its charter, appellant was under obligation to leave every highway that it crosses, and the approaches thereto, in a safe condition for the use of the public. The People ex rel. the City of Bloomington v. Chicago & Alton R. R. Co., 67 Ill. 118.

By approaches to a highway is meant whatever material construction at the sides thereof furnishes a passage or way by which to reach the highway itself; i. e., embankments, grades or structures on either side of a railroad, at the crossing, which serve as a passage way for approaching the crossing, are approaches. The City of Bloomington v. Ill. Cent. R. R. Co., 154 Ill. 544.

The declaration of appellee does not set forth merely that appellant suffered the approaches to said crossing to be out of order, but the approach to said crossing within the right of way of appellant; and declares that the injury to Jennie Calvin happened because one of the planks with which the east approach to said crossing, and within the right of way of said appellant, was constructed, was out of order.

Upon the trial appellee called attention to the following section of the statute, being section 8 of an act of 1874, entitled, " An act in relation to fencing and operating railroads," which is as follows :

" Section B.    Hereafter at all of the railroad highways and streets in this State the several railroad corporations in this State shall construct and maintain said crossings and the approaches thereto within their respective right of way so that at all times they shall be safe as to persons and property."

The declaration of appellee seems to have been prepared with reference to such statute.

At the trial it appeared that some years prior to the accident, and near the place thereof, appellant, at the instance of a Mr. Henry, had constructed a spur-track for the accommodation of a coal-yard operated by said Henry; that the cost of such construction had been billed to said Henry, but that for some years prior to the accident said spurtrack had not been used, and it had been disconnected from any track belonging to appellant; so that at the time of the accident there was existing merely what had been a portion of a spur-track connecting with appellant's main track; namely, there remained, fastened to the ties imbedded in the earth, certain iron tracks having no connection with either the main or side tracks of any railroad.    The accident, it appeared, did not happen upon an approach to any track or crossing of appellant, but outside the right of way of appellant.    If the accident happened upon an approach to a railroad crossing the evidence shows that it was an approach to the spur or Henry track crossing, which has never been used by appellant, was put in for the accommodation of Henry, the cost of the same charged to him,

and the track disconnected from appellant's tracks long prior to the accident. The evidence did not show that appellant's right of way included any portion of the space occupied by his spur-track. The place at which Jennie Calvin was injured appears from the evidence to have been a portion of Van Buren street, not upon a construction raising or an elevation or change of the highway carrying it over a railroad crossing. The judgment of the Circuit Court is reversed.

Mr. Justice DIBELL, having presided at the trial of this case, took no part in its decision in this court.

**Finding of Facts** to be incorporated in the judgment:

The court finds that Jennie Calvin was not injured upon an approach to the crossing of appellant's railroad over Van Buren street in the city of Joliet, nor within the right of way of the railroad of appellant in said city.